## ALBANO v. UNITED STATES.

### No. 1153.

United States District Court.
D. Massachusetts.

June 7, 1951.

Harry Kisloff, Boston, Mass., for libellant.

George F. Garrity, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., for respondent.

SWEENEY, Chief Justice.

This is a libel filed with two counts, the first for an alleged injury suffered while employed as a seaman aboard a merchant vessel of the United States, which injury is allegedly covered by the Second Seamen's War Risk Policy, and the second count is for cure and maintenance.

On June 1, 1943, the libellant was employed as a seaman aboard the SS Joseph H. Hollister on a trip to Scotland and return. He had been a seaman for fifteen years or more. He is now suffering from a disability diagnosed as a psychoneurosis. He has made various claims as to how

this condition arose, none of which seems to be too clear, his last contention, when on the stand, being that depth charges which were exploded during the voyage across, and the firing of an eight-inch gun aboard his vessel on three different occasions, caused him to lose consciousness because he was, in his own expression, "scared stiff." His ship was never actually in contact with any enemy and such firing as was done was in the nature of practice. On his return to New York on July 31, 1943, he did not feel well and he came home and stayed at home for three or four weeks, after which he went to the Brighton Marine Hospital where, after hospitalization, the diagnosis of psychoneurosis was made.

As to his first cause of action for injuries suffered aboard ship, I must rule as a matter of law that they are not covered by the policy. Article 12D of the policy provides as follows: "Disability shall not include incapacity directly resulting from bodily or mental infirmity or disease of any kind. Nor shall benefits be paid for dismemberment or loss of function directly resulting from bodily or mental infirmity or disease of any kind." Even if the policy did not rule his present disability out, I could not find as a matter of fact that his present condition was traceable to anything which occurred aboard the vessel which would be covered by the policy.

From the foregoing I conclude and rule that judgment on the first cause of action must be in favor of the respondent.

As to the second cause of action, I find that the libellant's disability either arose or, having been latent, was activated while he was in the employ of the vessel, and that he is entitled to be cured and maintained at the expense of the respondent. He has had his treatment without cost at the Marine Hospital, and I find that he was disabled for about six weeks after his discharge from the hospital to the extent that he could not perform his regular duties. On the basis of this, I conclude and rule that the libellant is entitled to judgment against the respondent in the sum of $252.